IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge R. Brooke Jackson**

Civil Action No. 16-cv-00926-RBJ

HAZHAR A. SAYED,

      Applicant,

v.

TRAVIS TRANI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

_____

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS
_____

      Applicant, Hazhar A. Sayed, has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket No. 1) challenging the validity of his conviction in case number 05CR70 in the District Court of Broomfield County, Colorado. Respondents have filed an Answer (Docket No. 46) and Applicant has filed a Traverse to Respondents' Merits Response (Docket No. 57).  Applicant also filed a Motion to Alter/Amend Judgment of September 13, 2016 Dismissing Claim Three (Docket No. 37) and Respondents filed a Response (Docket No. 56).

      The Court has determined that it can resolve the Application without a hearing. 28 U.S.C. § 2243; *see also Jeter v. Keohane,* 739 F.2d 257 n.1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court.").  Upon careful review of the record, including the Application, the Answer, the Traverse, and the state court record, the Court concludes that the Application should be denied and the case dismissed.

## I. BACKGROUND

The Colorado Court of Appeals described the relevant factual and procedural

history as follows:

> Defendant was charged with sexual assault and second degree kidnapping.  In the first trial, the jury was unable to reach a unanimous verdict on either charged offense but found him guilty of the lesser non-included offense of unlawful sexual contact.  At the second trial, defendant was found guilty of sexual assault but was acquitted of second degree kidnapping.  The trial court merged the sexual assault and unlawful sexual contact convictions and sentenced defendant to twenty-four years in the Department of Corrections custody.  He appealed and a division of this court affirmed his sentence.  *See People v. Sayed,* (Colo. App. No. 06CA2267, April 26, 2007) (not published pursuant to C.A.R. 35(f)).

> Subsequently, defendant filed a pro se Crim. P. 35(c) motion, which was later amended by counsel, arguing that he received ineffective assistance of trial and appellate counsel and that he was entitled to a new trial based on newly discovered evidence.  The postconviction court summarily denied the motion.

(Docket No. 1 at 20).

The Colorado Court of Appeals affirmed on October 8, 2015.  (*Id.*).  On April 18,

2016, the Colorado Supreme Court denied Applicant's petition for writ of certiorari in the

postconviction proceedings.  (Docket No. 19-8).

Applicant initiated this action on April 25, 2016 by filing the § 2254 Application

and asserting the following three claims for relief:

> 1.  Ineffective assistance of counsel where trial counsel failed to move for a judgment of acquittal on the sexual assault charge at Mr. Sayed's second trial based on (a) his previous conviction of a lesser-included offense of unlawful sexual contact at his first trial ("Claim 1(a)"); and (b) insufficient evidence ("Claim 1(b)");

> 2.  Ineffective assistance of counsel where appellate counsel failed to present a double jeopardy argument based on Claim 1(a) on direct appeal ("Claim 2"); and

2

3.  Failure to grant a new trial on newly discovered evidence based on a recantation by a witness ("Claim 3").

(Docket No. 1 at 5-8).

In the Pre-Answer Response, Respondents concede that the action is timely under the one-year limitation period in 28 U.S.C. § 2244(d), and that Claim 1(a) is exhausted.  (*See* Docket No. 19 at 5-9, 12-13).  Respondents, however, argued that Claims 1(b) and 2 are unexhausted and procedurally defaulted.  (*Id.* at 13-16). Respondents also argued that Claim 3 is not a cognizable claim for relief in this action. (*Id.* at 3-5).

On September 13, 2016, the Court entered an Order to Dismiss in Part and for Answer and dismissed Claim 3 for failure to state a cognizable claim for federal habeas corpus relief.  (Docket No. 32).  The Court ordered Respondents to file an Answer addressing the merits of exhausted Claims 1(a), 1(b), and 2.  (*Id.*).

## II.  LEGAL STANDARDS

### A.  *Pro Se* Litigant

Applicant is proceeding *pro se*.  The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an

3

applicant has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *Pro se* status does not entitle an applicant to an application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.  28 U.S.C. § 2254

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The applicant bears the burden of proof under § 2254(d).  *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

A claim may be adjudicated on the merits in state court even in the absence of a statement of reasons by the state court for rejecting the claim.  *Harrington v. Richter*, 562 U.S. 86, 98-99 (2011).  In particular, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.  *Id*. at 98.  Thus, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the

merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99.

The court reviews claims of legal error and mixed questions of law and fact pursuant to 28 U.S.C. § 2254(d)(1).  *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003).  The threshold question the court must answer under § 2254(d)(1) is whether the applicant seeks to apply a rule of law that was clearly established by the Supreme Court at the time of the relevant state court decision.  *See Williams v. Taylor,* 529 U.S. 362, 390 (2000).  Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.  *Id*. at 412.  Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*.  Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).  If there is no clearly established federal law, that is the end of the court's inquiry pursuant to § 2254(d)(1).  *See id*. at 1018.

If a clearly established rule of federal law is implicated, the court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) the state court applies a rule that contradicts the governing law set forth in Supreme Court cases or (b) the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a

result different from [that] precedent. *Maynard* [*v. Boone*], 468 F.3d [665], 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).

A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id*. at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. In addition,

evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. [I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Harrington*, 562 U.S. at 101 (internal quotation marks omitted).  In conducting this analysis, the court "must determine what arguments or theories supported or . . . could have supported[ ] the state court's decision and then ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court."  *Id*.

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254."  *Maynard*, 468 F.3d at 671; *see also Harrington*, 562 U.S. at 88 (stating that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington*, 562 U.S. at 102.

"[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

The court reviews claims asserting factual errors pursuant to 28 U.S.C. § 2254(d)(2).  *See Romano v. Gibson*, 278 F.3d 1145, 1154 n. 4 (10th Cir. 2002). Section 2254(d)(2) allows the federal court to grant a writ of habeas corpus only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court.  Pursuant to § 2254(e)(1), the court must presume that the state court's factual determinations are correct and the applicant

bears the burden of rebutting the presumption by clear and convincing evidence.  "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'"  *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

## III.  ANALYSIS

### A.  Double Jeopardy Argument

Applicant asserts in Claim 1(a) that he received ineffective assistance of counsel in violation of his Sixth Amendment rights because trial counsel failed to move for a judgment of acquittal on the sexual assault charge at Applicant's second trial by arguing a double jeopardy violation where Applicant was previously convicted of unlawful sexual contact at his first trial.  Applicant asserts in Claim 2 that his appellate counsel was constitutionally ineffective because he failed to present this double jeopardy argument on direct appeal.

### 1.  Controlling Federal Law

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that (1) his counsel's performance was deficient (*i.e.*, that identified acts and omissions were outside the wide range of professionally competent assistance), and (2) he was prejudiced by the deficient performance (*i.e.*, that there is a reasonable probability that but for counsel's unprofessional errors the result would have been different).  *Strickland v. Washington*, 466 U.S. 668 (1984).

"A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable

professional assistance." *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 689). "With respect to prejudice, . . . '[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id*. (quoting *Strickland*, 466 U.S. at 694). "The likelihood of a different result must be substantial, not just conceivable." *Strickland*, 466 U.S. at 693.

"Surmounting *Strickland*'s high bar is never an easy task." *Harrington*, 562 U.S. at 105 (internal quotation omitted). "Establishing that a state court's application of *Strickland* was unreasonable under §2254(d) is all the more difficult." *Id*. "When §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, the court focuses on the merits of the omitted claim to determine whether the petitioner has satisfied both of *Strickland's* elements. *See Cargle v. Mullin,* 317 F.3d 1196, 1202 (10th Cir. 2003). If the omitted issue is without merit, counsel's failure to raise it is not ineffective assistance. *See id*.

The Double Jeopardy Clause prohibits prosecution for the same offense after an acquittal, prosecution for the same offense after a conviction, and multiple punishments for the same offense. *See* U.S. Const. Amend. V, XIV; *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969), *overruled on other grounds; Anderson v. Mullin,* 327 F.3d 1148, 1153 (10th Cir. 2002). Before the clause is implicated, however, some event, such as

an acquittal, must terminate the original jeopardy.  *Richardson v. United States,* 468

U.S. 317, 325 (1984).

## 2.  State Court Proceedings

The Colorado Court of Appeals analyzed Applicant's ineffective assistance of

counsel claims as follows:

> Defendant raises various claims of ineffective assistance of trial
> counsel and direct appeal counsel.  We address and reject each
> contention in turn.
>
> . . . .

### B.  Double Jeopardy

> Defendant contends that the postconviction court erred by denying
> his claim that trial counsel was ineffective for failing to move for judgment
> of acquittal at the second trial on the ground that the reprosecution on the
> sexual assault offense violated his right against double jeopardy because
> he had been previously convicted of the lesser unlawful sexual contact
> offense.  He also asserts that appellate counsel was ineffective for failing
> to raise this double jeopardy argument in his direct appeal.  We are not
> persuaded.
>
> The Double Jeopardy Clauses of the United States and Colorado
> Constitutions protect an accused against being twice placed in jeopardy
> for the same crime.  *Boulies v. People,* 770 P.2d 1274, 1277 (Colo. 1989).
> This constitutional guarantee protects against a second prosecution for
> the same offense after an acquittal, against a second prosecution for the
> same offense after conviction, and against multiple punishments for the
> same offense.  *Id.* at 1278.
>
> Because the unlawful sexual contact offense was a lesser *non-included* offense of the charged sexual assault offense, the two crimes
> would not meet the "same elements" test, and, therefore, reprosecution
> on the sexual assault charge would not implicate double jeopardy.  *See
> United States v. Dixon,* 509 U.S. 688, 696 (1993) (The "same elements"
> test "inquires whether each offense contains an element not contained in
> the other; if not, they are the 'same offence' and double jeopardy bars
> additional punishment and successive prosecution."  (quoting *Blockburger*

*v. United States,* 284 U.S. 299, 304 (1932))); *People v. Allen,* 868 P.2d 379, 382-85 (Colo. 1994); *see also People v. Skinner,* 825 P.2d 1045, 1047 (Colo. App. 1991) (a lesser non-included offense is a lesser offense that contains at least one element not contained in the charged offense).

Defendant argues that the unlawful sexual contact offense was, in fact, a lesser *included* offense, and therefore, double jeopardy applied to bar reprosecution on the sexual assault offense.  *See People v. Loyas,* 259 P.3d 505, 510 (Colo. App. 2010) ("[U]nlawful sexual contact is a lesser included offense of sexual assault when the greater offense is predicated on sexual intrusion.").  Even assuming the unlawful sexual contact charge here was a lesser included offense of sexual assault, we are not convinced that double jeopardy barred reprosecution on the greater offense.

The double jeopardy doctrine bars reprosecution of an accused on a greater charge when the defendant is impliedly acquitted of the greater charge.  *People v. Cardenas,* 25 P.3d 1258, 1261 (Colo. App. 2000).  "A defendant is impliedly acquitted of a greater offense when he or she is charged with greater or lesser offenses and the jury finds him or her guilty of only the lesser offense."  *Id.*

In contrast, the double jeopardy doctrine does not bar reprosecution of an accused in a situation where a criminal trial is terminated because the jury was deadlocked on a charge and could not reach a verdict.  *People v. Aguilar,* 2012 COA 181, ¶ 18.  This is referred to as the "hung jury" rule.  *Id.*

In *Aguilar,* a division of this court considered a similar factual situation and concluded that "when a jury deadlocks on a greater charge but convicts on a lesser included charge, the hung jury rule, and not the implied acquittal doctrine, applies."  *Id.*  at ¶ 21.  Thus, the division determined that a retrial on the greater charge did not violate the defendant's right against double jeopardy because "the jury convicted [him] of [the lesser charge] but expressly hung on the [greater] charge . . ." *Id.* at ¶ 22.

Accordingly, we conclude that, because the jury here expressly hung on the sexual assault offense at the first trial, reprosecution on that charge did not violate double jeopardy and that, as a matter of law, trial counsel and direct appeal counsel did not err by failing to assert a double jeopardy challenge.

(Docket No. 1 at 21-26).

### 3.  Application of AEDPA Standard of Review

Applicant argues in Claims 1(a) and 2 that his trial and appellate counsel rendered ineffective assistance by failing to argue that double jeopardy barred a second trial on the sexual assault offense.

In postconviction proceedings, the Colorado Court of Appeals first explained that unlawful sexual contact was a lesser *non-included* offense of the charged sexual assault offense.  (Docket No. 1 at 24).  The Colorado Court of Appeals then determined that even if unlawful sexual contact was a lesser-included offense, Applicant's second prosecution for sexual assault did not violate the double jeopardy doctrine.  (*Id.* at 25-26).  Specifically, the state appellate court held that because the jury expressed an inability to agree on the greater charge of sexual assault but convicted on the lesser charge, a second prosecution on the sexual assault charge did violate double jeopardy because this scenario implicates the "hung jury" rule rather than the "implied acquittal" rule.  (*Id.*).  Because the state appellate court concluded that there was no double jeopardy violation, the court also found that Applicant's counsel was not ineffective in failing to assert that argument.  (*Id.* at 26).  In reaching this conclusion, the Colorado Court of Appeals relied on *People v. Aguilar,* 317 P.3d 1255 (2012), which analyzed a similar factual situation under relevant double jeopardy jurisprudence.  (*Id.*).

This Court finds that the state appellate court's decision was not contrary to clearly established federal law because the Supreme Court has not established a specific legal rule in this context.  *See United States v. Allen,* 755 A.2d 402, 408-10

(D.C. 2000) (recognizing that "the Supreme Court has not squarely ruled on the issue before us, involving retrial after the jury has expressed an inability to agree on the greater charge but has convicted on the lesser included charge"); *see also Lemke v. Ryan,* 719 F.3d 1093, 1103 (9th Cir. 2013) (determining that "the mix of these Supreme Court cases does not leave us with an impression that law clearly established by the Supreme Court precluded [defendant's] being subjected to retrial for felony murder—a charge of which he had not been acquitted explicitly or implicitly."). If there is no clearly established federal law that is the end of this Court's inquiry pursuant to § 2254(d)(1). *See e.g., House,* 527 F.3d at 1018.

Applicant argues in the Traverse that the Supreme Court has held that "if a crime is a lesser included offense of another, a subsequent prosecution for either the greater or lesser included offense is barred." (Docket No. 57 at 4). Applicant is correct that the Supreme Court has established the general rule that a final judgment of conviction on a lesser included offense precludes subsequent prosecution for a greater offense. *See Brown v. Ohio,* 432 U.S. 161, 168-69 (1977) (holding that second prosecution of auto theft charge was barred where defendant had been convicted of joyriding at his first trial because these greater and lesser included offenses were considered one offense for double jeopardy purposes). Moreover, the Supreme Court also has held that "jeopardy for an offense [does not] continue [ ] after an acquittal, whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity [ ] to return a verdict on the greater charge." *Price v. Georgia,* 398 U.S. 323 (1970).

On the other hand, the Supreme Court has permitted retrial of charges on which a jury had been unable to agree, despite the defendant's argument that the evidence in his first trial had been insufficient to convict him.  *See Richardson,* 468 U.S. at 325 (finding that "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy . . .and we hold . . . that the failure of the jury to reach a verdict is not an event which terminates jeopardy.").  The Supreme Court also has permitted retrial of capital charges after a jury was unable to reach a verdict, even though the jury had reported itself as unanimously against conviction on the capital charge because no verdict had actually been entered.  *See Blueford v. Arkansas,* 566 U.S. 599 (2012).

None of these cases perfectly match Applicant's situation.  At Applicant's first trial, the jury expressly stated that they were deadlocked and unable to reach agreement on the greater offense of sexual assault, but convicted Applicant on the lesser charge of unlawful sexual contact.  (Docket No. 1 at 20).  Applicant has not cited, nor has this Court found, any Supreme Court authority clearly establishing the issue before this Court; whether retrial after the jury has expressed an inability to agree on the greater charge but has convicted on the lesser charge violates double jeopardy protections under the implied acquittal rule or whether the hung jury rule permits retrial.  Because no clearly established federal law exists, this Court cannot grant federal habeas relief.

Moreover, because Applicant is asserting an ineffective assistance of counsel claim based on a failure to raise the double jeopardy argument, Applicant must

demonstrate that the state court's application of *Strickland* was objectively unreasonable under §2254(d).  As set forth above, Applicant must demonstrate that (1) his counsel's performance was deficient (*i.e.*, that identified acts and omissions were outside the wide range of professionally competent assistance), and (2) he was prejudiced by the deficient performance (*i.e.*, that there is a reasonable probability that but for counsel's unprofessional errors the result would have been different). *Strickland,* 466 U.S. at 668.

This Court finds that Applicant cannot show that he was prejudiced by his counsel's alleged deficient performance.  In other words, this Court cannot find a reasonable probability of a different outcome had Applicant's counsel challenged the sexual assault charge at Applicant's second trial on double jeopardy grounds.  As stated in the state appellate court decision, under Colorado's "hung jury" rule, which is an exception to the "implied acquittal" rule, double jeopardy does not bar retrial on the greater offense when a jury was deadlocked on the greater offense but convicted on the lesser offense.  (Docket No. 1 at 25-26).  Therefore, any argument by Applicant's counsel at trial or on appeal would have been rejected under Colorado law. *See Smith v. Workman,* 550 F.3d 1258, 1268 (10th Cir. 2008) ("While counsel should not omit plainly meritorious claims, counsel need not raise meritless issues.").  As such, this Court cannot find that the state court's decision involved an unreasonable application of *Strickland*.  Moreover, even if this Court disagreed with the state court's application of double jeopardy principles, this Court does not find that the state court's application of *Strickland* was "objectively unreasonable." *Williams*, 529 U.S. at 411; *see also*

*Maynard*, 468 F.3d at 671 ("[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law."); *Harrington,* 562 U.S. at 101 ("[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.").

Accordingly, Applicant is not entitled to federal habeas relief for Claim 1(a) and Claim 2.

### B.  Insufficient Evidence

Applicant also asserts in Claim 1(b) that trial counsel was ineffective for failing to move for a judgment of acquittal based on insufficient evidence.  Respondents assert that Applicant's counsel did move for a judgment of acquittal on this ground at his second trial.  Applicant concedes in his Traverse that the record confirms this fact and asks to "withdraw" Claim 1(b).  The Court agrees that the state court record establishes that counsel moved for a judgment of acquittal on sufficiency grounds.  (*See* Docket No. 46-1 at 1-2).  Accordingly, Claim 1(b) is dismissed.

### C.  Request to Reconsider Dismissal of Claim Three

Applicant has filed a motion requesting that the Court reinstate and consider the merits of Claim 3.  Applicant's motion is styled as a Rule 59(e) motion.  A litigant subject to an adverse final order or judgment, and who seeks reconsideration by the district court, may "file either a motion to alter or amend the [final order or] judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the [final order or]

judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Applicant, however, does not seek relief from a final order or judgment. Instead, the September 13 Order to Dismiss in Part is an interlocutory order. *See Raytheon Constructors Inc. v. ASARCO, Inc.,* 368 F.3d 1214, 1217 (10th Cir. 2003) (stating that "[t]he district court was incorrect to treat the plaintiff's motion for reconsideration [of an interlocutory order] under Rule 60(b) which only applies to final orders or judgments."). A district court has discretion to revise interlocutory orders prior to entry of final judgment. *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991) (noting that a motion for reconsideration filed prior to final judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir.1988) (citing Fed. R. Civ. P. 54(b)). The district court's discretion to revise its interlocutory orders is not limited by the standards for reviewing a post-judgment motion filed pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. *See Raytheon Constructors Inc.,* 368 F.3d at 1217.

In Claim 3, Applicant contends that his constitutional rights were violated when the state courts failed to grant a new trial on newly discovered evidence because a witness recanted her testimony at the first trial. (Docket No. 1 at 8). In the September 13 Order, the Court concluded that Applicant failed to state a cognizable

claim for federal habeas corpus relief because Claim 3 was a "freestanding" claim of actual innocence.  (Docket No. 32 at 3-6).

Applicant now argues in his motion that Claim 3 should not have been dismissed because he "states a claim of failure to grant a new trial on newly discovered evidence," and does not assert a "claim of actual innocence."  (Docket No. 37 at 2).  He further contends that he has "stated an independent due process violation."  (*Id.*).  Applicant also alleges that the prosecution became aware, prior to trial, that the witness was not truthful in her earlier statements, but did not disclose this exculpatory evidence to the defense, and did not call the witness during the second trial to prevent the jury from hearing the conflicting evidence.  (*Id.* at 2-6).  Applicant contends that he did not become aware of the newly discovered evidence until his postconviction counsel interviewed the witness.  (*Id.* at 6).

As explained in the September 13 Order,  "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."  *Herrera v. Collins*, 506 U.S. 390, 400 (1993) (emphasis added); *see also LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001) (recognizing that an assertion of actual innocence "does not, standing alone, support the granting of the writ of habeas corpus"); *Allen v. Beck,* 179 F. App'x 548, 550-51 (10th Cir. 2006) (finding that petitioner's claim that victims of sexual abuse recanted their trial testimony was a "freestanding" actual innocence claim and therefore, not available in a non-capital case); *Isbill v. Workman,* 62 F. App'x 863, 864-65 (10th Cir. 2003) (citing *Herrera*

for the proposition that a claim of actual innocence absent any independent constitutional violation in the underlying criminal proceeding did not state a federal constitutional claim); *Wild v. Oklahoma,* 187 F.2d 409, 410 (10th Cir. 1951) (affirming denial of habeas corpus relief premised on alleged false and perjured testimony by prosecution witnesses because "[t]his court has consistently followed the rule that a writ of habeas corpus should not be granted upon the grounds that false and perjured testimony was used unless it is shown that it was knowingly used against the defendant by the prosecuting officers in the criminal case."). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera,* 506 U.S. at 400. "Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence." *Id.* at 401.

Furthermore, Applicant's attempt to connect his claim to an independent constitutional due process violation is insufficient. *See Herrera*, 506 U.S. at 400; *see also Allen*, 179 F. App'x at 551 (recognizing that freestanding claim of actual innocence is not available in noncapital cases). To the extent Applicant is arguing that the state courts erred in denying his motion for a new trial, he fails to state a constitutional claim. The issue of whether a new trial should be granted is a matter of state law, *see Herrera*, 506 U.S. at 408 ("[t]he Constitution itself, of course, makes no mention of new trials"), and matters of state law may not be reviewed in a federal habeas corpus action, *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In

19

conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States").

Applicant now appears to link his claim of newly discovered evidence to a *Brady* violation.  Respondents argue that if Applicant is now presenting a *Brady* claim, it is procedurally defaulted because it was not fairly presented to the state courts.  The Court agrees.  The requirement of exhaustion of state remedies in federal habeas cases dictates that a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).  In this situation, Applicant must exhaust the newly discovered evidence claim as well as the underlying *Brady* claim.  *See Lebere v. Abbott,* 732 F.3d 1224, 1228-29 (10th Cir. 2013).  Applicant has failed to do so, and thus, the *Brady* claim is not exhausted.

Although, Applicant failed to exhaust state court remedies, the Court may not dismiss the claim for failure to exhaust if he no longer has an adequate and effective state remedy available to him.  *See Castille v. Peoples,* 489 U.S. 346, 351 (1989).  No further state-court remedy exists because any future claim would be denied as untimely under Colo. Rev. Stat. § 16-5-402(1) and successive under Colo. R. Crim. P. 35(c)(3)(VII) because it could have been presented in a prior postconviction motion or appeal.  Moreover, Colo. R. Crim. P.  35(c)(3)(VII) is independent because it relies on state rather than federal law.  The rule also is adequate because it is firmly established and regularly followed by Colorado courts.  *See, e.g., People v. Vondra*, 240 P.3d 493,

494-95 (Colo. App. 2010) (applying Crim. P. Rules 35(c)(3)(VI) and (VII) to reject claims that were or could have been raised in a prior proceeding); *see also LeBere*, 732 F.3d at 1233 n.13 (noting that several unpublished cases have indicated Colorado's rule barring claims that could have been raised previously is an independent and adequate state ground precluding federal habeas review). Therefore, the Court finds that the *Brady* claim is subject to an anticipatory procedural bar.

Applicant fails to demonstrate either cause or prejudice for his procedural default of this claim. He also fails to demonstrate that a failure to consider this claim will result in a fundamental miscarriage of justice because he fails to present any new reliable evidence that demonstrates he is actually innocent. "[A]ctual innocence is not an easy showing to make." *United States v. Cervini*, 379 F.3d 987, 991 (10th Cir. 2004). To be credible, a claim of actual innocence requires a defendant to present "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. Applicant has failed to meet his burden and present new evidence so persuasive that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 126 S. Ct. 2064, 2077 (2006). As a result, Applicant's *Brady* claim will be dismissed as procedurally defaulted. The Court finds that Claim 3 was properly dismissed, and the motion to "reinstate" Claim 3 will be denied.

## IV.  ORDERS

For the reasons discussed above, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 (Docket No. 1), filed, *pro se*, by Applicant, Hazhar A. Sayed, on April 25,

2016, is DENIED and this action is DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that no certificate of appealability shall issue because

Applicant has not made a substantial showing of the denial of a constitutional right. 28

U.S.C. § 2253(c)(2); Fed. R. Governing Section 2254 Cases 11(a); *Slack v. McDaniel*,

529 U.S. 473, 483-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S.

438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  It

is

FURTHER ORDERED that Applicant's Motion to Amend/Alter Judgment of

September 13, 2016, Dismissing Claim Three (Docket No. 37) is DENIED for the

reasons stated above.  It is

FURTHER ORDERED that Application's Motion to Supplement the Record with

Mr. Sayed's Transcripts of First Trial (Docket No. 45), Motion for Appointment of

Counsel (Docket No. 52), Motion for Ruling and/or Hearing (Docket No. 53), Request

for Evidentiary Hearing (Docket No. 54), and Prisoner's Motion and Affidavit for Leave

to Proceed Pursuant to 28 U.S.C. § 1915 (Docket No. 55) are DENIED.

Dated February 21, 2017, at Denver, Colorado.

BY THE COURT:

_____
R. BROOKE JACKSON
United States District Judge